Argued June 16, affirmed July 23, petition for rehearing denied
September 8, petition for review denied October 6, 1970

## STATE OF OREGON, *Respondent, v.*
## CHARLES L. MAXFIELD, *Appellant.*

472 P2d 845

*Kenneth C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

■ Defendant was convicted by a jury of the crime of burglary. He appeals and asserts two errors. The first is that his conviction by a jury verdict of ten to two violates the Sixth Amendment. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969), holds otherwise.

The second assignment is based on the denial by the trial court of his motion to suppress certain evidence which was seized by police as the result of a warrantless search of premises claimed by the defendant to have been, at the time, his residence. The state contends and the court found from the evidence that the defendant had abandoned the premises prior to the time of the search.

■ The general rule is succinctly set forth by Burger, J., in *Parman v. United States,* 399 F2d 559 (DC Cir), cert den 393 US 858 (1968):

"* * * [I]t is not necessary to import the subtle refinements of property law into the law surrounding search and seizure. Jones v. United States, 362 U.S. 257, 266, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960). The question of abandonment is 'an ultimate fact or conclusion based generally upon a combination of act and intent,' Friedman v. United States, 347 F.2d 697, 704 (8th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L.Ed.2d 354 (1965).

And a valid finding of abandonment deprives Appellant of standing to assert a claim that the items of evidence in question were improperly 'seized.' * * *" 399 F2d at 565.

In *Feguer v. United States*, 302 F2d 214 (8th Cir), cert den 371 US 872, 83 S Ct 123, 9 L Ed 2d 110 (1962), the court considered a case in which it was contended that there had been an abandonment of a tenancy prior to the expiration of the period for which rent had been paid. In upholding a warrantless search made by the police without knowledge that the defendant had abandoned the premises, the court in an opinion by Blackmun, J., said:

"The Fourth Amendment safeguard against unreasonable searches and seizures is directed to the 'right of the people to be secure in their * * * houses, * * *'. This clearly has reference to a place of occupancy. * * *

"* * * In the case before us the evidence is uncontroverted that the items were seized only after the defendant had returned to the room, had gathered his desired belongings and had departed never to return. This departure effected a discard and abandonment of those items. The present situation, it seems to us, is governed by Abel v. United States, 1960, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668. There, the defendant checked out of his hotel room, albeit with encouragement from arresting officers. After he had done so, but prior to the checkout hour, an FBI agent, with the consent of the hotel management, searched the room without a warrant and seized articles left in a waste basket. The court said, p. 241, 80 S.Ct. p. 698:

"'* * * it was entirely lawful, although undertaken without a warrant. This is so for the reason that at the time of the search petitioner had vacated the room. The hotel then had the exclusive right to its possession, and the

hotel management freely gave its consent that the search be made. Nor was it unlawful to seize the entire contents of the wastepaper basket, even though some of its contents had no connection with crime. So far as the record shows, petitioner had abandoned these articles. He had thrown them away. So far as he was concerned, they were *bona vacantia*. There can be nothing unlawful in the Government's appropriation of such abandoned property. * * *'

"[Citations omitted.] Abandonment is not to be foreclosed here until the paid rent period ran out any more than, in the Abel case, it was not foreclosed until the checkout hour had arrived. It follows that the search and seizure here, although without a warrant, were not illegal and that the evidence in question is not inadmissible on the constitutional grounds asserted." 302 F2d at 249.

■ The question here, then, is whether or not the defendant had abandoned the premises.

In *Smith v. Reigleman,* 143 Or 463, 469, 23 P2d 129 (1933), the court held that abandonment is always a question of intent.

The trial court heard the testimony. This established that on November 1 the defendant rented the house in question for the period to November 30. On November 27 or 28, the landlady's agent in charge of the premises told the defendant "his rent was due November 29th and I would like for him to be out by that time." The agent again saw the defendant at the premises on December 2. He testified:

"* * * I mentioned to him that his rent was up and he should be out and he said give me another day or two and I will be gone."

On December 4, the agent returned. He testified the place was vacant, that he went in and found

nothing of value remaining. A few days later he and his children cleaned the premises. The defendant never entered the premises after December 2. His rent was up November 30. The police, with the consent of the agent, entered the premises on December 7 and took possession of the challenged evidence.

The trial court found that the defendant had abandoned the premises prior to the search. Its findings are amply supported by the evidence.

The judgment is affirmed.